UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 24-CR-20051-JEM

UNITED STATES,

v.

ALFRED LENORIS DAVIS,

    **Defendant**.

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR A BILL OF PARTICULARS

The Defendant Alfred Davis lied about who he was to obtain a lease to a luxury condominium. The Defendant alleges the facts of his fraud, with particularity, in his proposed motion for a bill of particulars. The Defendant can make these particular allegations because he was arrested and charged by complaint, the probable cause portion of which details the Defendant's offense, and because the Defendant was provided with all necessary discovery the day of his arraignment. Yet despite knowing exactly what he is charged with—and, in fact, describing his own scheme in far greater detail than the indictment—the Defendant requests leave to file an untimely motion for a bill of particulars two months after his arraignment, and more than two weeks after the first scheduled trial date. In support of this untimely motion, the Defendant merely states that "the undersigned would not have been able to raise this issue within 14 days of the arraignment." But that is not true: the Defendant could have raised this issue any time in the last three months, and certainly could have raised it before now, with trial scheduled on May 6, 2024. The Defendant's reason for his delayed filing is deficient, and the Defendant's proposed

motion for a bill of particulars, if filed, would be untimely. The Government therefore respectfully requests that the Defendant's Motion for Leave to File a Bill of Particulars, ECF No. 19, be denied.

## BACKGROUND

On January 19, 2024, the Defendant was arrested and charged by complaint with use of a counterfeit access device, in violation of Title 18, United States Code, Section 1029(a)(1). ECF No. 1. The complaint sets forth the Defendant's conduct: on or about April 13, 2023, he used a counterfeit driver's license to pass a tenant background check and obtain a lease to a condominium unit. *Id.* at ¶¶3–12. The Defendant needed to use a false identity because the Defendant is, among other traits a condominium might find unattractive, a federal felon, having been convicted of committing bank fraud through the use of false identities. *Id.* at ¶ 12; *see United States v. Davis*, 04-cr-60024 (S.D. Fla. Aug. 13, 2004). Defense Counsel filed a notice of permanent appearance on January 26, 2024. ECF No. 9.

The Defendant was indicted on February 13, 2024. ECF No. 11. The indictment mimics the complaint, and charges the Defendant with the use of a counterfeit access device, in violation of Title 18, United States Code, Section 1029(a)(1). The Defendant had his arraignment on February 15, 2024. ECF Nos. 12. The day of his arraignment, the Government produced to the Defendant the first response to the standing discovery order, a production which included all records from the condominium association showing the Defendant's fraud. ECF No. 13, at USA_AD_00010–USA_AD_00013. The Court scheduled trial to begin on March 25, 2024, ECF No. 14. On March 6, 2024, the Defendant moved, unopposed, to continue trial, but did not request that the Court extend the time to file a motion for a bill of particulars. ECF No. 17. The Court granted the Defendant's motion in part and scheduled trial for May 6, 2024. ECF No. 18.

On April 10, 2024, the Defendant moved for leave to file a motion for a bill of particulars. ECF No. 19. The need for the bill, the Defendant states, is that "in reviewing discovery, it appears that Mr. Davis did not take any money or property of any victim by allegedly using a counterfeit drivers license [sic]." *Id.* ¶ 3. The reason for the delayed filing, the Defendant explains, is that "the undersigned would not have been able to raise this issue within 14 days of the arraignment." *Id.* at ¶ 4.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(f), a defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Under the Local Rules, "motions in criminal cases shall be filed and served within twenty-eight (28) days from the arraignment of the defendant to whom the motion applies." S.D. Fla. L.R. 88.9(c). Courts differ whether the seven- or 28-day limit applies to motions for a bill of particulars. *Compare United States v. Lorenzo*, No. 19-20215-CR, 2019 WL 3202996, at *2 (S.D. Fla. July 16, 2019) (applying the 7-day rule); *United States v. Blake*, No. 13-80054-CR, 2014 WL 2965313, at *4 (S.D. Fla. June 30, 2014) (applying the 28-day rule). In either case, a defendant must set forth "factual circumstances to indicate good cause for extending" the time to file a bill of particulars. *E.g., United States v. Lorenzo*, No. 19-20215-CR, 2019 WL 3202996, at *2 (S.D. Fla. July 16, 2019).

## ARGUMENT

The Defendant offers no good cause to grant him leave to allow his untimely filing. Most importantly, the Defendant offers no factual circumstances to explain why he "would not have been able to raise this issue within 14 days of the arraignment." Motion ¶ 4. In the motion for leave, the Defendant does not, for example, explain that the discovery was too voluminous to understand. It is not: the core documents are a lease agreement and a fake ID. Nor does the

Defendant explain that the discovery was untimely provided. It was not: the Government produced the documents supporting the offense on the day of the Defendant's arraignment. The Defendant also does not explain that the indictment was too long or confusing. It is not: the indictment alleges a single count of access device fraud alleged to have occurred on or about a single date—the same offense and date as alleged in the complaint.

Rather, instead of providing factual circumstances to excuse his untimely filing, the Defendant states only that "in reviewing discovery, it appears that Mr. Davis did not take any money or property of any victim by allegedly using a counterfeit drivers license [sic]." *Id.* ¶ 3. But even if this statement were true—and it is not, either as a matter of fact or issue of law—this statement is a trial defense theory: the Government will prove that the Defendant committed fraud; the Defendant will argue that he did not. Resolution of this issue is a matter for the jury decide after hearing the evidence; it is not an issue that a bill of particulars can address, and it is not a reason to file an untimely motion.

More likely, the Defendant did not file a motion for a bill of particulars earlier because the Defendant needed no explanation of his offense. Indeed, the Defendant could conceive of his defense theory only because he fully understood the allegations against him, an understanding derived from the Government's complaint, the indictment, and discovery. *See, e.g.*, *United States v. Roberts*, 174 F. App'x at 477 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery."); *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) ("[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources'"); *United Sates v. Rene Pedrosa*, 21-CR-20259-SCOLA (S.D. Fla. Apr. 27, 2022)

("Between the complaint, the superseding indictment, and the discovery provided, [the defendant] has sufficient information to prepare his defense.").

This is not a complex case, and it does not have a long or ambiguous procedural history. *See United States v. Blake*, No. 13-cr-80054-Matthewmn, 2014 WL 2965313, at *4 (S.D. Fla. June 30, 2014) (denying a bill of particulars but allowing a late filing "given the procedural history of this case and the recent filing of a fourth indictment"); Order, at 16, *United States v. Chugay*, 21-CR-10008-Martinez (S.D. Fla. May 18, 2022) (denying but considering a late filing where the defendant argued that "he did not move for a bill of particulars earlier because he communicated with the Government's counsel, who advised him that a superseding indictment was forthcoming"). And there is nothing in the Defendant's motion to show why Defense Counsel could not raise these "issues" earlier. By failing to offer any reason for his late filing, the Defendant's motion for leave is deficient. Such deficient motions for leave to file a bill of particlars are routinely denied as untimely. *See United States v. Lorenzo*, No. 19-20215-CR, 2019 WL 3202996, at *2 (S.D. Fla. July 16, 2019) (denying an untimely motion for a bill of particulars where "the Defendant's motion is seven days late and he does not provide any reason for the delay"); *United States v. Belalcazar Estacio*, No. 16-20575-CR, 2019 WL 480550, at *2 (S.D. Fla. Feb. 7, 2019) (denying an untimely motion for a bill of particulars where the defendant "failed to . . . present any argument to explain his reasons for the untimeliness").

## **CONCLUSION**

For the forgoing reasons, the United States respectfully requests that the Defendant's Motion for Leave to File a Bill of Particulars, ECF No. 19, be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:  /s/ Jonathan Bailyn
Jonathan R. Bailyn, AUSA
Court ID No. A5502602
500 South Australian Ave, 4th Floor
West Palm Beach, Florida 33401
Phone: (561) 209-1050
jonathan.bailyn@usdoj.gov