UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cr-20051-JEM

**UNITED STATES OF AMERICA**
          **Plaintiff,**

**vs.**

**ALFRED LENORIS DAVIS,**
          **Defendant.**

_____/

**DEFENDANT'S RESPONSE TO NOTICE OF INTENT TO INTRODUCE
EVIDENCE AS INEXTRICABLY INTERTWINED OR UNDER RULE 404(B)
EVIDENCE AND REQUEST FOR EVIDENTIARY HEARING**

The Defendant, ALFRED DAVIS, by and through his undersigned counsel, submits his

Response in Opposition to the Government's Notice of Intent to Introduce Evidence as

Inextricably Intertwined or Under Rule 404(b) Evidence ("Notice"), and request for evidentiary

hearing. Defendant Alfred Davis files this Response and moves to exclude evidence under Federal

Rules of Evidence 404(b) and 403.

Using evidence of a defendant's bad character as proof of guilt has long been forbidden by

the American system of criminal justice. See, e.g., Michelson v. United States, 335 U.S. 469 (1948)

("The State may not show the defendant's prior trouble with the law, specific criminal acts, or ill-

name among his neighbors, even though such facts might logically be persuasive that he is by

propensity a probable perpetrator of the crime.").

**I.     The Government's Notice.**

The Government seeks to introduce that Mr. Davis is a convicted felon and that he

previously lived at 400 Sunny Isles under the alias Rod Lesperance under the guise of Rule 403

and 404(b). [D.E. 27 at 1]. According to the Notice, the Government claims that the evidence is

admissible as it is inextricably intertwined with the charged offense "because it explains the

1

story of the Defendant's crime", or in the alternative for the purpose of proving intent and knowledge under FRE 404(b). *Id*. Notably, the evidence is *not* offered to prove identity, *i.e.*, to prove that since Defendant allegedly previously lived at 400 Sunny Isles, he must be the person who used the counterfeit identification at issue, although, in reality, that is how the jury will see the evidence to the extreme prejudice of Defendant.

The government's notice is deficient as it does not provide notice to the Defendant as to which prior conviction they intend to introduce. The government's proposed exhibit list indicates that the Government intends to introduce a certified prior conviction, but there is again no mention of which case they plan to introduce. The Government argues that the prior conviction is admissible as inextricably intertwined evidence because it explains the story of the Defendant's crime, or in the alternative, under FRE 404(b) because it is relevant to Defendant's intent and knowledge.

Moreover, the Government has not provided any information about Mr. Davis's prior lease, documents used to obtain that lease or the dates when he allegedly lived at the building. The notice states that a trial witness knew the Defendant as Rod Lesperance before the date charged in the indictment. There was no evidence provided in the discovery pertaining to his residency at the building prior to the date charged in the indictment. There is no evidence provided regarding whether the same driver's license was previously provided to the building and whether a background/ credit report check was previously done for the lease prior to April 13, 2023.

## II.     **The Evidence Should be Excluded Under Rules 404(b) and 403.**

Evidence is intrinsic if it (1) arises "out of the same transaction or series of transactions as the charged offense," (2) "is necessary to complete the story of the crime," or (3)

"is inextricably intertwined with the evidence regarding the charged offense." FRE 403. In this case, the government argues that the evidence they seek to introduce is necessary to complete the story of the crime.

Evidence of other crimes, wrongs, or acts are not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404. This type of evidence may be admissible if it is used for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. Specifically, for evidence of other crimes or acts to be admissible under Rule 404(b): (1) it must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403. See *United States v. Sanders*, 668 F. 3d 1298, 1314 (11th Cir. 2012); *United States v. Beechum*, 582 F. 2d 898, 911-13 (5th Cir. 1978), *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In assessing probative value and unfair prejudice, courts also consider "prosecutorial need" and the "overall similarity of the charged and extrinsic offenses". *United States v. Williams*, 21- CR-20137, 2021 WL 3883700, at *3 (S.D. Fla. Aug. 31, 2021) (Bloom, J.)

The government has charged Mr. Davis with one count of using a counterfeit access device on April 13, 2023. Namely, the Government argues that Mr. Davis used a counterfeit

driver's license in order to be added as a resident at the 400 Suny Isles building. Mr. Davis did not provide any post Miranda statements to the agents in this case. There is no evidence as to the motive for Mr. Davis' alleged use of the counterfeit driver's license. The government has come up with a theory that Mr. Davis used a counterfeit driver's license because he was a convicted felon and could not otherwise live in the building. This theory cannot be backed up by any competent evidence. There could be many reasons for someone using a counterfeit driver's license when applying to live at a condominium building, such as having a bad credit report, having evictions on their record, not wanting a significant other or others to find out that they have an apartment at a particular building, and the list goes on. The Government, however, is flying under a theory that the defendant did this because of his criminal conviction. Prior conviction should be excluded because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Not only does their argument of a prior conviction evidence being inextricably intertwined fail, but the Government now wants the Court to allow introduction of a prior conviction based on their theory that cannot be backed up by any competent evidence.

This evidence is highly prejudicial and Under Eleventh Circuit precedent, if the government has a strong case, the admission of a prior conviction to prove intent is discouraged. *United States v. Pollock*, 926 F. 2d 1044, 1049 (11th 1991). However, if the evidence is essential to obtain a conviction, it may come in. The Supreme Court has observed that the risk of unfair prejudice to the defendant will be substantial whenever evidence offered by the government is arresting enough to lure the jury into a sequence of bad character reasoning. *Old Chief v. United States*, 519 U.S. 172, 185, 117 S. Ct. 644, 652 (1997). In this case, if the Court allows Mr. Davis' prior conviction to be introduced into evidence, the Court would be inviting the jury to engage

in the type of bad reasoning that was disfavored by the Supreme Court in *Old Chief*. The risk of Mr. Davis being convicted of this offense primarily because he has prior convictions would undermine his due process right to be presumed innocent.

The line between evidence admitted to demonstrate intent and evidence admitted to demonstrate propensity is hardly clear. It is difficult to argue that a person had intention to do something on a particular occasion because he or she demonstrated that the person had a proclivity towards that intent. Indeed, some contend that a distinction is impossible. *United Sates v. Matthews*, 431 F.3d 1296, 131, n.1 (11th Cir. 2005).

Here, the government has not identified which previous conviction they seek to introduce. "Evidence of other wrongful acts to prove intent "must logically tend to prove the defendant's criminal intent at the time of the commission of the act charged." *Lloyd v. United States*, 226 F.2d 9,18 (5th Cir. 1955). There are questions regarding whether the previous conviction is probative of his intent to use a counterfeit driver's license, whether the previous conviction is too remote in time, whether there are any similarities between the crimes, etc. for the purposes of the FRE 404(b) analysis. Whether the probative value is substantially outweighed by unfair prejudice is a "determination that lies within the discretion of the district court and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense as well as temporal remoteness."  *United States v. Perez,* 443 F.3d 882,280 (11th Cir 2006).

In assessing whether the probative value of the prior acts is substantially outweighed by the danger of unfair prejudice, courts look to prosecutorial need and the similarity of charged and extrinsic offenses. *United States v. Williams*, 2021 WL 3883700, at *3. Here, the Government did not demonstrate that either factor was met, and therefore the evidence should

be excluded.

Furthermore, there were no items in the discovery provided reflecting that the reason for the use of a counterfeit license was an attempt to hide a criminal conviction. Aside from the Government proffering this to be their theory of the case, there is no evidence that the felony conviction was the reason for the alleged use of a counterfeit driver's license. The government seeks to further their theory by introducing a highly prejudicial fact in front of the jury that Mr. Davis is a convicted felon. The evidence of a felony conviction as well as prior bad act would be highly inflammatory and would likely divert the jury's attention from the issues in the instant case, as the defense would be forced to disprove these allegations, resulting in a confusing and wasteful mini- trial on uncharged conduct.

The defense submits that the Government has no admissible evidence to support the accusations in its Notice, and therefore the Government should not be permitted to refer to these accusations in its opening or in questioning witnesses. This is a total distraction to the charges at issue and will only serve to permit the Government to throw proverbial spaghetti against the wall.

In addition to seeking to introduce a prior conviction, the government seeks to introduce highly prejudicial evidence of a prior bad act without providing any evidence in the discovery, such as a prior lease, prior documents submitted to the building or whether a background check was conducted for the prior lease. The undersigned is not even aware as to whether Mr. Davis had a prior lease with the building in the name of Rod Lesperance or his own name, as no documents regarding this prior lease were provided in the discovery. These accusations of a particular witness knowing Mr. Davis as Rod Lesperance prior to the offense charges will cause the jury to infer that if Mr. Davis was known by that name before, he must have been the one

who submitted the counterfeit driver's license on April 13, 2023, which is the exact propensity inference the rules forbid. There was nothing in the discovery putting the defense on notice as to how Mr. Davis allegedly used the Counterfeit driver's license on April 13, 2023. Aside from a printed driver's license copy from an unkown person's outlook account, there are no emails provided showing that the license came from Mr. Davis, and no explanation how this driver's license was used. This demonstrates the efforts of the Government to pile on irrelevant bad character evidence. The Government seeks to overwhelm the jury with accusations and uncharged "bad" acts of the Defendant which are completely irrelevant, prejudicial, and strictly for the purpose of propensity—which is prohibited.

Conspicuously absent from the Government's Notice is a showing that it needs the evidence. *See United States v. Boston*, 249 Fed. Appx. 807, 808 (11th Cir. 2007) (Whether the probative value is substantially outweighed by unfair prejudice calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need); *United States v. Jones*, 847 Fed. Appx. 830, 835 (11th Cir. 2021) (same). The Notice completely fails to address this point, which favors the exclusion of such evidence. Further, the absence of this evidence also prevents any effort to assess the argument that the prior act is needed for the Government's case. The Evidence is Highly Prejudicial.

The prejudicial effect is substantially higher than its probative value, as demonstrated above.

**WHEREFORE**, Defendant, Alfred Davis, respectfully requests that this Court exclude any of the evidence set forth in the Government's Notice [DE 27] and set this matter for an evidentiary hearing.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on April 27, 2024, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

Respectfully submitted,

BOZANIC LAW, P.A.
17100 Royal Palm Blvd., Suite 1
Weston, FL 33326
Telephone:    954.920.9750
Facsimile:     954.400.0335
E-Mail: Zeljka@bozaniclaw.com

/s/*Zeljka Bozanic*

By:_____

Zeljka Bozanic
Florida Bar No.  23707