UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cr-20051-JEM

**UNITED STATES OF AMERICA**
   **Plaintiff,**
vs.

**ALFRED LENORIS DAVIS,**
   **Defendant.**
_____/

## DEFENDANT'S MOTION FOR BOND PENDING APPEAL

  The Defendant, Alfred Lenoris Davis, by and through undersigned counsel, respectfully moves this Court for the entry of an order allowing him to remain on bond pending appeal and as grounds therefore would state as follows:

1. On January 23, 2024, the defendant was arrested based on the Complaint, which charged him with one count of Use of a Counterfeit Access Device.

2. On January 24, 2024, the defendant was released on a stipulated $50,000 personal surety bond with Pretrial Services supervision.

3. According to the Presentence Investigation Report at ¶3 (DE #64) and a review of the court file, according to United States Probation Officer Jorge Ferdinandy, the defendant remained in compliance with his Court ordered special conditions while on pretrial services supervision.

4. On July 11, 2024, this Court sentenced the defendant to 8 months in Bureau of Prisons.

5. On July 12, 2024, the defendant timely filed a notice of appeal and the case has yet to be docketed in the Court of Appeals.

1

# MEMORANDUM OF LAW

The provisions of 18 U.S.C. § 3143 govern release pending appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. It is a matter of national policy that a defendant convicted of a crime shall be entitled to bail while appealing his conviction, unless no set of conditions upon release reasonably will assure that he will not flee or pose a danger to the community. *United States vs. Anthony Provenzano*, 605 F.2d 85 (3rd Cir. 1979); *United States vs. Provenzano*, 578 F. Supp. 119 (E.D. La. 1983), *aff'd* 747 F.2d 1462, *aff'd* 775 F.2d 299 (5th Cir. 1984).

Bail may be set only by a judicial officer who alone will make a determination regarding which conditions of release reasonably will assure the appearance of the defendant. *United States vs. Abrahams*, 604 F.2d 386 (5th Cir. 1979) (overruled, in part, by *United States vs. Rodriguez-Rios*, 14 F.3d 1040 (5th Cir. 1994). The amendments to Rule 46(a) in 1972 were not intended to create any sharp new distinction between pretrial bail and bail pending appeal. *United States vs. Stanley*, 449 F. Supp. 467 (C.D. Cal.1978), *aff'd* 601 F.2d 380 (9th Cir. 1979). The purpose of bond is not to act as a punitive measure but to secure the presence of the defendant during judicial proceedings. *United States vs. Bass*, 573 F.2d 258 (5th Cir. 1978).

Under the Rules 9 (c) and 46 (c), United States Code, Rules of Court and Rules of Appellate Procedure, the eligibility of a convicted defendant for release on bond pending appeal is governed by the provisions of 18 U.S.C. § 3143. As stated, supra, bail pending appeal is warranted where the court concludes, from all surrounding circumstances, that the risk of continued criminal activity by the defendant is not so high that he is a danger to any person or to the community. See, *United States vs. Hawkins*, 617 F.2d 59 (5th Cir.), cert. denied 449 U.S. 952, 101 S. Ct. 355 (1980).

Further, a defendant's release pending appeal is warranted where the defendant establishes, with clear and convincing evidence, that he will not flee. Bail Reform Act of 1984, 18 U.S.C. § 3143 (a), Fed. R. Crim. P. 46 (c). *United States vs. Quintana*, 525 F. Supp. 917 (D.C. Colo.

1981). If the defendant can make the required evidentiary showing, the statute expressly establishes that he has a mandatory right to liberty, and the court shall order the defendant's release in accordance with 18 U.S.C. § 3142. Although the law recognizes that a guilty verdict greatly reduces the defendant's expectations of continued liberty, it does not extinguish that interest in light of the provisions of 18 U.S.C. § 3143(a) that confer on the defendant a sufficient liberty interest in his continued release to warrant some measure of due process protection so long as the defendant has met required conditions of release. See, *United States vs. Abuhamra*, 389 F.3d 309 (2nd Cir. 2004).

In *United States vs. Giancola*, 754 F.2d 898 (11th Cir. 1995) the court found that a Defendant seeking release on bond pending appeal must satisfy four tests: (1) the defendant is not likely to flee or pose a danger to the community if released; (2) the appeal is not for purposes of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined favorably to the Defendant on appeal, the decision is likely to result in a reversal or an order for a new trial of all counts on which imprisonment has been imposed. *United States vs. Laetividal-Gonzalez*, 939 F.2d 1455 (11th Cir. 1991)

A "substantial question" is one of more substance than would be necessary merely to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way. *United States vs. Giancola*, supra; *United States vs. Fernandez*, 905 F.2d 350 (11th Cir. 1990)

Therefore, the standard for a bond pending appeal is much laxer that the standard for bond pending sentencing. For bond pending sentencing, as this Court recall, under 18 U.S.C. §3143(a)(2), such a defendant "shall . . . be detained unless the judicial officer finds (1) "a substantial likelihood that a motion for acquittal or new trial will be granted" and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." Both subsections must be satisfied in order to warrant release. *United States vs. Irvin*, 2 F.3d 72, 73 n.1 (4th Cir. 1993), *United States vs. Mahabir*, 858 F. Supp.

504, 506 (D. Md. 1994). Despite this much higher standard, this court permitted the defendant to remain at liberty and granted the defense request for bond pending sentencing in this case.

In considering an appeal bond for Alfred Davis, in addition to the considerations set forth, above, this Court may consider the following:

1. The likelihood that the Defendant is a risk of flight or danger to the community. See, *United States vs. Hawkins*, 617 F.2d 59 (5th Cir.), *cert. denied* 449 U.S. 952, 101 S.Ct. 355 (1980). There is no likelihood in this case that Mr. Davis is a risk of flight. The government stipulated to a $50,000 personal surety bond at the initial appearance and did not ask for pretrial detention based on risk of flight or danger to the community. Mr. Davis has strong family and community ties to the Southern District of Florida.

2. Clearly, Mr. Davis poses no threat of future criminal conduct. His own release status and behavior throughout this case make this clear. The Court is familiar with his family and community support for Mr. Davis.

3. The Defendant's full and complete compliance with pre-trial conditions of bond. The Defendant immediately hired counsel. At his initial appearance, the parties agreed to a personal surety bond in light of his ties to the community. Aware of the charges against him, Mr. Davis appeared as ordered at the Southern District of Florida. Mr. Davis presented himself before this Court at all required appearances and maintained regular contact with his attorney.

Mr. Davis has been in compliance with all of the terms and conditions of his release, and there are no reasons to believe that he will not continue to abide by the terms and conditions of her bond and comply with orders of this Court.

4. The Defendant's family ties. *Sica vs. United States*, 82 S.Ct. 669 (1962). The Presentence Investigation Report that was prepared in this case reported that Mr. Davis' has a good relationship with both parents and two siblings, who are aware of his legal situation and remain supportive. Mr. Davis has four children ages 31, 25, 9 and 6.

5. Absence of frivolousness of the Defendant's appeal and that the appeal is not being taken for any purpose of delay. *United States vs. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) Further, the trial record in this case reveals that Alfred Davis' appeal is not for the purpose of delay, that the appeal raises a substantial question of law or fact, and that, if the substantial question is determined favorably to him on appeal, that the decision is likely to result in a reversal or order for a new trial. *United States vs. Valera-Elizondo*, 761 F. 2d 1020 (5th Cir. 1985). See, *Harris vs. United States*, 404 U.S. 1232, 92 S. Ct. 10 (1971), *Cohen vs. United States*, 82 S. Ct. 526 (1962).

6. The defendant would most likely complete his sentence term of eight months of imprisonment prior to the appeal being finalized. Since the sentence is significantly lower than the time it takes for the appeal process, the defendant should be released pending the outcome of the appeal.

In determining whether a "substantial question" exists within the meaning of 18 U.S.C. §3143 governing the release of a defendant on bond pending appeal, this Court undoubtedly understands that it is not being asked to reverse its position on issues decided during trial, nor is it being asked to grant a new trial, but rather, it must decide only that a significant issue of law or fact exists which merits appellate review and that the issue is critical enough to Alfred Davis' convictions such that a contrary appellate ruling would warrant a reversal. *United States vs. Hicks*, 611 F. Supp. 497 (S.D. Fla. 1985).

In the case of *United States vs. de la Mata*, 266 F.3d 1275 (11th Cir. 2001), *cert. denied* 535 U.S. 989 (2002), United States District Judge K. Michael Moore released the defendant on bond pending his appeal on racketeering and bank fraud convictions—de la Mata had been convicted on multiple charges and was sentenced to a ten-year sentence—a sentence equal but with much greater involvement than that of Mr. Davis. On appeal, the Eleventh Circuit found that there was insufficient evidence to support the appellant's conviction and that the discovery of new evidence mandated the grant of a new trial. The Court also found that the appellant's

conviction on two counts of bank fraud violated the ex post facto clause, but it affirmed the convictions and sentences in all other respects.

In *United States vs. Hansen*, 262 F.3d 1217 (11th Cir. 2001), the defendants were convicted of charges involving conspiracy to commit environmental crimes, and they were sentenced to 108 months incarceration. Despite the severity of the crimes and the length of the sentences, the defendants were released on bond pending appeal by the district court.

In this district in *United States v. Price*, 611 F. Supp. 502 (S. D. Fla. 1985) United States District Judge Eugene Spellman released a United States Customs Agent on bond pending appeal after he has been convicted of drug conspiracy and substantive drug counts pertaining to the distribution of hashish oil and theft of government property. After the court had sentenced Mr. Price to a term of imprisonment, he was released on bond pending appeal.

The main issue that will be raised on appeal is whether there was intent to defraud considering that there was no loss, no money or property was taken from another. The issues of whether the defendant "used" counterfeit access device, whether the prior convictions were admissible and whether the defendant's identity was established are also in question.

This Court presided over the trial and heard all the facts that were presented in trial. This Court reserved on the Rule 29 Motion for Judgment of Acquittal during trial. The Court also considered Defendant's Motion for New Trial and Renewed Motion of Acquittal, and is familiar with the legal issues and understands the uniqueness of the issue that has been preserved for appellate review. This issue is clearly not frivolous and involves a debatable issue for which, if the defendant is successful, the convictions and sentences in this case must be vacated.

While the appeal is progressing in the Eleventh Circuit's usual fast track, with the ordering of the transcript, and the subsequent preparation of the briefs of the parties and the assembly of the record on appeal, it remains a time-consuming process.

Pursuant to Local Rule 88.9, undersigned counsel contacted AUSA Jonathan Bailyn, who objects to this motion.

WHEREFORE, the Defendant, ALFRED LENORIS DAVIS, respectfully requests that this

Court enter an order granting his bond pending appeal.

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 12, 2024, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

Respectfully submitted,

BOZANIC LAW, P.A.
17100 Royal Palm Blvd., Suite 1
Weston, FL 33326
Telephone:   954.920.9750
Facsimile:    954.400.0335
E-Mail: Zeljka@bozaniclaw.com

/s/*Zeljka Bozanic*
By:_____
Zeljka Bozanic
Florida Bar No.  23707